ORIGINAL

FILED

04/06/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0141

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 19-0141

IN THE MATTER OF THE
MENTAL HEALTH OF:

A.O.,

ORDER

Respondent and Appellant.

Appellant A.O. has filed a petition for rehearing of this Court's March 9, 2021, Memorandum Opinion affirming the District Court's order committing A.O. to the Montana State Hospital for a period not to exceed ninety days and authorizing the administration of involuntary medication. 2021 MT 58N. The State has responded in opposition.

Under M. R. App. P. 20, this Court will consider a petition for rehearing only if the opinion "overlooked some fact material to the decision," if the opinion missed a question provided by a party or counsel that would have decided the case, or if our decision "conflicts with a statute or controlling decision not addressed" by the Court. M. R. App. P. 20.

Appellant argues that our decision conflicted with controlling decisions not addressed in our Memorandum Opinion, namely *In re L.K.*, 2009 MT 366, 353 Mont. 246, 219 P.3d 1263, and *In re L.K.-S.*, 2011 MT 21, 359 Mont. 191, 247 P.3d 1100. Appellant argues that we employed a "new heightened substantial prejudice requirement" and required A.O. to additionally demonstrate a "reasonable probability" that an "appointed friend 'would have pushed' for A.O.'s presence," in conflict with *In re L.K.* and *In re L.K.-S.*

Having reviewed the Appellant's petition and the State's response, the Court concludes a rehearing is not warranted under M. R. App. P. 20. Because we decided this matter in a non-citable memorandum opinion, our decision does not establish any new

"heightened substantial prejudice requirement" or serve as precedent in any way. Neither *In re L.K.* nor *In re L.K.-S.* invoked or applied plain error review, and our decision here relied on numerous other civil commitment matters in which that standard governed our consideration. Memorandum Opinion, ¶ 13. Under our plain error review doctrine, we review the "probable value[] of the procedure in question," here, the probable value of having a court-appointed friend present. Memorandum Opinion, ¶ 13 (citing *In re B.H.*, 2018 MT 282, ¶ 17, 393 Mont. 352, 430 P.3d 1006). The referenced lack of "substantial prejudice" does not place a general burden on the Appellant but reflects application of the plain error standard of review to the facts of the case. Memorandum Opinion, ¶¶ 13, 16. Our Memorandum Opinion in the case did not overlook controlling authority.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this ___ day of April, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

2